Harper, J.
On the .22 January, 1830, the jury found a verdict in an action of debt brought on a judgment against the defendant, for the principal sum of $3800, 73, with interest from the 14th April, 1807; and on the 14th February, 1830, judgment was entered for $3800, 73, principal, $0074, 84, *344 “iterest, an<l $38, 32 costs, making an aggregate of $9933,89. 0® ^is has been paid an aggregate sum of $11000. The *s, whether interest is to be calculated on the entire judgment of $9933, 89, or only on $3800, the principal sum iQ ^bat action. In the former case, the judgment has not been fully paid, in the latter it has been overpaid. Before the judgment of 1830 was entered up, an arrangement was made in writing between the attornies of the parties, stipulating that the judgment should be entered, that a bill should be filed by the plaintiff at law for the purpose, as we understand, of mak-mg the estate of one Isham Moore liable on some ground of equi¡.y to the payment of the demand, with an understanding that if the money should not be made before February 1831 it should be Pa^ by the defendant. After the payment of $10,000 by the defendant on the judgment, a statement of the judgment was rendered to the defendant, with interest calculated as the now claims to calculate it, and the defendant, by letter, promised to pay the balance appearing to be due. It seemed be contended that the defendant was bound by his agree* ment, to pay interest on the judgment. Whether there was such an agreement which would bind the defendant, cannot ProPerty corne into question in this proceeding. If there was, it must be enforced against him personally. He could not bind the estate, and the judgment was against him in the char* acter of administrator. The interest if agreed to be paid, cannot be collected under this judgment,
law no interest ted upon anexe-cution under a inferertmu reactionaWof ’debt on judgment; cin'g'such an tion the plaintiff choato8 right 'to which cannot bo defeated by a mentqAndtthere' foro ' where an Judgmentdebw°s commenced ji-mTnistrator sug-Mtia”6although the administra-brought',°r paid the amount of 'and costs6 with interest on the action? itUS\vas pf'lntiff a'might stiii go on to re-ratVon ‘the entire amount of the dínf1 the pried', palianu.„intrif-2 will not preclude right byord'er-tólo mitered on the judgment.0"
wiildi^'pcrmhl cvecutions to is-SUeandbeenfor-preclude °a party from bringing a judgment a-tor'suggLw^a devastavit, with-111 * 111 tnu<>'
*344 The Sheriff having returned nulla bona on a fi. fa. issued under the judgment, a suit was commenced against the defendant, in November, 1831, in debt on the judgment suggesting a devastavit. It was after the bringing of this suit, that the payments amounting to $11,000 were made. In the statement rendered in March 1833, the costs of the writ in this case were charged and credited.
There are two propositions which I suppose can hardly be questioned. The first, that at common law, and independently °f our act °f 1815, no interest could be collected upon an execution under a judgment. The second, that interest might be recovered in an action of debt on.a judgment. Whether this diversity was conformable to good reason, is not for us to determine. By the act of 1815, it is directed that in cases where the case of action bore interest, interest shall be collected on the principal sum, up to the time of satisfying the execution, The cause of action on which the judgment of 1830 was ren-^ered, was a previous judgment which did bear interest, and the principal sum was $3800. According to the act, then, interest should bo calculated on that sum, and pot on the entire judgment.
*345 If the amount of the judgment with, interest oñ the principal sum of $8800 and costs, had been paid before the bringing of the action of 1881 suggesting a devastavit, the defendant would be entitled to his motion to have satisfaction of the judgment entered. But in the case of Fishburne v. Saunders, 1 N. & M. 242, where, after action of debt on judgment commenced, the defendant tendered the amount of the original juclg-m'ent- and the costs of the new suit, and paid the money into Court, which the plaintiff refused to accept, it was held that the plaintiff might still go on to recover the interest which had ac-cr.ued on the original judgment, and 1 suppose it-would have be.en the same thing if the plaintiff had accepted the money which was tendered. The case of Hamilton ivTiddy is referred to, in which the amount of the original judgment was paid, after the action of debt commenced, and it was held that the plaintiff might still go on to recover the interest. The same doctrine is recognized in Norwood v. Manning, 2 N. & M. 395. No doubt, if the payment had been made before the action commenced, the action could not have been sustained, but by bringing the action the plaintiff had obtained an inchoate right to the interest which could not be defeated by the subsequent payment. On the part of the plaintiff in this case, it was argued that the payments were made whilst the last action was pending, and when he had a right to insist upon interest on the entire judgment of 1830 ; that no direction being given as to the appropriation of the payments, he, as he had a right to do, applied them in the first place to the extinguishment of the interest, and that there remains due a balance of principal which he would have a right to collect By ah execution under that judgment. But this is confounding distinct matters; on the judgment of 1830 no interest was due except on the principal sum . of $3800 in respect of any execution to be. enforced under that, and plaintiff had no right to apply payments except to that interest, though he may obtain interest in another judgment for which execution may be had. On the part of defendant, it was argued that the action brought m 1831 is at an end, and consequently that it is as if such action had never been brought, and defendant as fully entitled to have satisfaction entered on the judgment. But this is a matter which we have no right to decide in this proceeding. That is a question which the plaintiff has a right to try. We have no evidence that the action is at end, but that the costs of the writ appear to have been paid in 1833. No doubt but that if an execution were attempted to be enforced under the judgment of 1830, that execution would be set aside. But when the payments were made, the plaintiff had still a right to go on to recover the entire interest, and we cannot, by declaring the judgment satisfied, preclude him from trving his right.
Dunkin, for the motion.
T. S. & H. Grimke, contra.
It was further argued that the action of 1831, suggesting a ¿iwastavi^ was prematurely brought under our act of 1827, which permits execution to issue without renewal, and be enforced at any time within four years. The act does not say, however, that no new action shall be brought while the execution is of force, and we know that at common law actions of debt were often brought while the execution was in full vigour. In Lee. v. Giles, 1 Bail. 449, it was held that an action of debt could not be brought on a magistrate’s judgment within a year and a day, and the reasoning of the case seems to extend to other judgments. There is something in the reasoning of the judge who delivered the opinion of the Court, to intimate that a new action should not be allowed while an execution can be enforced. “As long as the judgment is operative the creditor has the means of enforcing payment, and if the debtor can pay, an execution is as effectual as another suit, and more expeditious.” B.ut this is not the decision, and if it were even so, it has no application to this case. The suit against the defendant, suggesting a devastavit, was to make him personally liable. Nulla bona had been returned to the execution under the former judgment, execution here could no longer be enforced, and the object of the proceeding was to make him liable in another right. According to the English practice it is said that if the sheriff return nulla bona to a writ of fi.fa. against an executor, the couise is to bring an action of debt suggesting a devastavit, 2 Tidd. 933. Indeed it is said that without anyfi. fa. where the executor has not pleaded filene administravit, an action of debt may at once be brought, suggesting a devastavit, 1 Saund. 219, b. p. 8. After such return has been made, however, there can be no doubt. The motion to reverse the decision is granted.
Johnson, J. concurred.
O’Neall, J. absent.